## INSUFFICIENT ALLEGATIONS FOR A RECEIVER OF A FUND.

Circuit Court of Cuyahoga County.

VINCHENZO DRAGO V. GEORGE PROSSER ET AL.

Decided, November 1, 1909.

*Creditor's Bill—Not Maintainable by General Creditor having no In-*
*terest in nor Lien on Fund.*      .

One who has no interest in nor lien upon a particular fund can not
   apply for a receiver of it and a marshalling of claims thereto,
   though he brings in other parties who might maintain such an
   action.

*Myler & Turney,* for plaintiff in error.      .
*Weed, Miller & Nason,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The petition in this case recites that plaintiff brings his action as a creditor of Prosser and Wonn, on his own behalf, and on the behalf of one hundred and seventeen others similarly situated, or so many of the same as may desire to join in the action.

It alleges that the defendants, Prosser and Wonn, are indebted to the plaintiff in the sum of $20 for manual work and labor performed for them at their request, in and about the construction of a certain sewer system in the village of Corlett, which said partnership had contracted with said village to construct; that Prosser and Wonn partly completed their said contract, became indebted to numerous persons for labor and material which went into the work and then abandoned their contract; that the defendant, the United Surety Company, then made arrangements with the village to complete the work, pursuant to the contract, and did finish the same; that the village has in its hands the sum of $21,457.84, applicable to payment for the work, of which $6,000 was earned by Prosser and Wonn, though the surety company claims the whole amount; that certain of the defendants and other persons claim the right to par-

ticipate in said fund; that a large number of attested accounts have been filed and a great number of attachments have been granted by various courts against the property of said partnership; that the village refuses to pay out any of said money without a release from all parties claiming a right to participate therein; that the partnership and the individual members of it are insolvent and have no other property except the said fund in the hands of the village.

The prayer of the petition is for a receiver for the property of the partnership, a determination of the priority of the claims of the creditors of the firm, and distribution of the said fund to its creditors.

A demurrer to this petition was sustained and the sole question this court has to determine is the correctness of said ruling.

We find no error in it. Plaintiff has alleged no right of his own to any part of said fund, or lien upon it. He does not appear to be a judgment creditor and so is not entitled to maintain a creditor's bill. He sets forth no attested account of his own which would entitle him to a lien on the fund, under the mechanic's lien law, nor any assignment or bankruptcy of the partnership which would entitle him to a preference. He alleges no lien by attachment, or otherwise, obtained by himself.

The mere fact that some of the defendants have liens upon the fund and that others who have liens, for whose benefit he says he brings the suit, may have a right to participate in its distribution, does not help the plaintiff or the petition. The plaintiff shows no right of his own to participate in a distribution of the fund, and so his petition is defective. As well might a general creditor of the partnership, finding it had some money deposited in a bank, bring an action for the appointment of a receiver of the deposit and distribution of the fund to the preferred and general creditors of the firm, without first establishing some peculiar interest in or right to the particular deposit held by the bank. Such actions are not maintainable.

Judgment affirmed.